IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Norman Larry Towson, Jr. #349543,<br><br>    Plaintiff,<br><br>vs.<br><br>Officer Eastridge, Officer Bodek, Officer Shover, and Edward Stapleton,<br><br>    Defendants. | C/A No. 8:13-cv-01876-JFA<br><br>**Order** |

    Norman Larry Towson ("Plaintiff"), proceeding pro se, has filed a lawsuit alleging deprivation of his constitutional rights under the Eighth Amendment to the United State Constitution by Officer Eastridge, Officer Bodek, Officer Shover, and Edward Stapleton ("Defendants"). Plaintiff alleges these deprivations occurred while he was a pre-trial detainee at the J. Reuben Long Detention Center.

    In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] Before the Magistrate Judge, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, ECF No. 25, which is the motion currently before this court.

    On July 16, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this court grant in part and deny in part Defendants' motion for summary judgment. The Magistrate Judge recommends this court grant the motion as to the Defendants in their official capacities and deny the motion as to the Defendants in their

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).

individual capacities. ECF No. 46.  Defendants filed a statement of objection to the Report. ECF No. 53. Plaintiff filed a statement indicating no objection to the Report[2].  ECF No. 55.  Thus, this matter is ripe for the court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  If a party fails to properly object because the objections lack the requisite specificity, the court need not conduct a *de novo* review.  *See Brooks v. James*, No. 2:10–2010–MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).  In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

In the matter before this court, Defendants have filed objections, challenging the Report's application of law to Plaintiff's claim of excessive force for a pre-trial detainee and Defendants' defense of qualified immunity.  Although some of the evidence presented by Defendants in support of their objections do little more than repeat assertions in the record, this court will address the objections in order.[3]

**I.     Analysis**

The Report addresses the inquiry used for assessing whether the force used against a pre-trial detainee was appropriate. The Report also analyzes the excessive force claim brought by

---

[2]  Plaintiff did not lodge any objections to the Magistrate's Report. Therefore, the only issues before this court are those related to the Defendants in their individual capacities.

[3]  The Report sets forth in detail relevant case law for Plaintiff's cause of action, as well as Defendants' affirmative defenses, and the court incorporates such without recitation.

Plaintiff and whether Defendants are entitled to immunity. Defendants challenge both the excessive force and qualified immunity recommendations by the Magistrate.

### A. Excessive Force

In the Report, the Magistrate Judge concludes that based on the evidence presented the court cannot assess the relationship between the need for force and the amount of force that was used. Additionally, the Magistrate Judge opines that the court cannot ascertain whether there was a reasonably perceived threat that necessitated the use of force and whether efforts were undertaken to temper the severity of the forceful response. As a result, the Magistrate Judge recommends this court deny summary judgment because a genuine issue of material fact exists as to the necessity of the force used by Defendants.

In their objections, Defendants argue they presented overwhelming, uncontradicted evidence that they responded appropriately to Plaintiff's actions. Specifically, Defendants state: (1) all actions were taken in response to Plaintiff's willful refusal to obey commands, physical altercations with Defendants and medically dangerous behavior of spitting on Defendants, (2) Defendants' actions were used to restore order and gain compliance from Plaintiff, (3) Defendants' use of force ceased when compliance was gained and order was restored, (4) Plaintiff presented no evidence of any motive to inflict punishment from any officer, (5) Plaintiff presented no evidence to demonstrate that he complied with the officer's requests, (6) Defendants increased the force applied only in response to Plaintiff's actions, and (7) Plaintiff's actions left officers no alternatives to use lesser force.

The Magistrate Judge notes that Plaintiff provided evidence alleging that this altercation stemmed from Defendant Shover's desire to get revenge on Plaintiff based on a previous incident. Additionally, via his sworn affidavits, Plaintiff states he was restrained in leg irons and

a belly chain when this incident occurred. Plaintiff also asserts he continued to be assaulted despite his protestations that he was not resisting the officers. Further, the Magistrate Judge noted Plaintiff claims he was tased even after he was placed in the restraint chair and was denied a hospital visit for his bleeding wounds.

After a careful review of the record, the court finds that a genuine issue of material fact exists related to the necessity of force used against Plaintiff. While Defendants have presented evidence that the force used was reasonable given the circumstances, Plaintiff has conversely presented evidence that such force was unreasonable and excessive. This dichotomy creates a genuine issue of material fact for a jury. Therefore, the Magistrate Judge correctly concluded that the resolution of this issue will rest on the trier of fact's determination of witness credibility. Accordingly, the court adopts the Report as to Plaintiff's excessive force claim.

### B. Qualified Immunity

The Magistrate Judge suggests that a ruling on Defendants' affirmative defense of qualified immunity is inappropriate because the issue of Defendants' use of excessive force has not been resolved. As such, a determination regarding the facts in conflict must be made prior to any disposition on Defendants' affirmative defense.

In their objections, Defendants assert that qualified immunity should be granted to them because they acted reasonably, properly, and in good faith.

After a careful review of the record and for the reasons stated above, this court finds that a genuine issue of fact exists related to Plaintiff's excessive force claim against the individual Defendants. Therefore, this court agrees with the Magistrate Judge's conclusions and adopts the Report's recommendation.

**II.     Conclusion**

After a careful review of the record, of the applicable law, and of the Report and the objections thereto, this court finds the Magistrate Judge's recommendation proper.

Accordingly, the court adopts the Report and Recommendation of the Magistrate and hereby grants in part Defendants' motion for summary judgment as to Plaintiff's claims against Defendants in their official capacities, and denies in part Defendants' motion for summary judgment as to Plaintiff's claims against Defendants in their individual capacities. Further, this court adopts the Magistrate's recommendation that the Plaintiff be appointed counsel for the trial of this case. This case will be calendared for trial during the two-month term of court in November/December 2014.

IT IS SO ORDERED.

August 22, 2014                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge